UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　Plaintiff,<br>　　v.<br>LUIS GARG, ET AL.<br>　　　　　　　　Defendants. | CASE NUMBER CV 11-02976 JAK (VBKx)<br><br>**FINAL JUDGMENT** |

This matter came on for hearing on January 9, 2012 on the Motion by Plaintiff Securities and Exchange Commission ("Commission") for Entry of Judgment by Default, Ordering Disgorgement and Penalty, Against All Defendants, *i.e.* Luis Garg ("Garg"), Jason Zakocs ("Zakocs"), RealFund Investment Trust ("RealFund"), First Atlanta, LP ("First Atlanta"), Weatherby LP ("Weatherby"), and Citiprop Corporation Inc. ("Citiprop") (collectively "Defendants"), made pursuant to Fed. R. Civ. P. 55(b)(2). The Commission filed its motion following entry by the Clerk of a Default against Garg, Zakocs, RealFund, First Atlanta, and Weatherby pursuant to Fed. R. Civ. P. 55(a) on October 6, 2011, and a similar default entered against Citiprop on November 7, 2011, based on Defendants' failure to plead or otherwise defend this action. Dkt. 36, 42. Although served with the Commission's motion papers, Defendants have

not opposed or otherwise responded to the motion.

Accordingly:

I.

IT IS HEREBY ORDERED that the Motion by Plaintiff Securities and Exchange Commission for Entry of Judgment by Default, Ordering Disgorgement and Penalty, Against All Defendants is GRANTED and final judgment is entered.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c) Making use of any means or instruments of transportation

  (d) or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

V.

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Garg, Zakocs, and RealFund as well as their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

VI.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that every Defendant is jointly and severally liable with every other Defendant for payment of $912,229 as disgorgement of ill-gotten gains, prejudgment interest thereon of $41,882, and a third-tier civil penalty of $1,050,000, for a total of $2,004,111.  The third-tier penalty is assessed under Sections 20(d)(2) of the Securities Act [15 U.S.C. § 77t(d)(2)] and 21(d)(3)(B) of the Exchange Act [15

U.S.C. § 78u(d)(3)(B)] at $35,000 for each of the approximately 30 investors defrauded.  Defendants shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED:  January 24, 2012

BY THE COURT:

_____
JOHN A. KRONSTADT
United States District Judge